# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-50141
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
December 24, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Zachary Michael Linan,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-153-1

———————————————————

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Zachary Michael Linan challenges his 180-months' sentence (the statutory maximum), imposed following his guilty-plea conviction for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He contests, *inter alia*, the district court's application of the attempted-murder Sentencing Guideline under § 2A2.1(a)(2) in calculating

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

his base-offense level. (The court stated, in the alternative, that, even if it erred in applying that Guideline, it would have imposed the same sentence.)

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). The determination that defendant's conduct constituted attempted second-degree murder is a factual determination, reviewed for clear error. *United States v. Santiago*, 96 F.4th 834, 849 (5th Cir. 2024).

Despite Linan's assertions to the contrary, the record supports a finding that he attempted and intended to kill the victims. The evidence (consisting of security footage and one victim's testimony) showed Linan engaging in the following conduct: drawing his firearm after engaging in a verbal altercation with the victims; chasing the victims' vehicle when they attempted to leave a parking lot; continuing to chase the vehicle after it turned a corner; and aiming and shooting at the vehicle after it turned a corner. Because the district court's finding that Linan acted with the requisite intent to kill is plausible in the light of the record as a whole, the court did not clearly err in using § 2A2.1(a)(2) to calculate his base-offense level. *E.g.*, *Santiago*, 96 F.4th at 847.

For the first time on appeal, Linan contends § 922(g)(1) is facially unconstitutional and unconstitutional as applied to him. Because he did not

raise these issues in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Linan is unable to demonstrate the requisite clear-or-obvious error for his as-applied challenge to the constitutionality of § 922(g). *E.g.*, *United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024) (rejecting plain-error challenge to § 922(g)). And, our court has very recently rejected the contention that § 922(g) is facially unconstitutional. *United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024).

AFFIRMED.